**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004290
12-DEC-2017
10:32 AM**

NO. CAAP-13-0004290

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KE KAILANI DEVELOPMENT, LLC, a Hawaii limited liability company; and MICHAEL J. FUCHS, Plaintiffs-Appellants,
v.
KE KAILANI PARTNERS LLC, a Hawaii limited liability company; HAWAII RENAISSANCE BUILDERS LLC, a Delaware limited liability company registered in Hawaii; BAYS DEAVER LUNG ROSE & HOLMA, a Hawaii law partnership; GEORGE VAN BUREN, solely in his capacity as Foreclosure Commissioner, Defendants-Appellees, and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE LIMITED LIABILITY COMPANIES 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1577)

ORDER DISMISSING FOR LACK OF APPELLATE JURISDICTION THE
NOVEMBER 19, 2017 MOTION TO VACATE THE MARCH 30, 2016
DISMISSAL ORDER IN APPELLATE COURT CASE NUMBER CAAP-13-0004290
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiffs-Appellants Ke Kailani Development LLC and Michael J. Fuchs's (the Appellants) November 19, 2017 motion to vacate this court's March 30, 2016 order dismissing appellate court case number CAAP-13-0004290 (the

instant appeal) for lack of appellate jurisdiction,[1] (2) Defendants-Appellees Ke Kailani Partners LLC and Hawaii Renaissance Builders LLC's November 27, 2017 memorandum in opposition to the Appellants' November 19, 2017 motion, (3) the Appellants' November 30, 2017 reply memorandum in support of their November 19, 2017 motion, and (4) the record, it appears that, at this time, we lack appellate jurisdiction over appellate court case number CAAP-13-0004290.

> Jurisdiction is the base requirement for any court resolving a dispute because without jurisdiction, the court has no authority to consider the case. . . . With regard to appeals, the remedy by appeal is not a common law right and exists only by virtue of statutory or constitutional provision. . . . Therefore, the right of appeal is limited as provided by the legislature and compliance with the methods and procedure prescribed by it is obligatory.

Korean Buddhist Dae Won Sa Temple of Hawai'i v. Concerned Citizens of Pālolo, 107 Hawai'i 371, 380, 114 P.3d 113, 124 (2005) (citations, internal quotation marks and brackets omitted).

We entered our order dismissing the instant appeal on March 30, 2016. A dismissal order by the Hawai'i Intermediate Court of Appeals does not require any corresponding judgment on appeal. See Hawai'i Rules of Appellate Procedure (HRAP) Rule 36(b) (requiring a judgment on appeal "[a]fter a final decision, other than an order of dismissal[.]")

The Appellants did not timely file any application for certiorari within thirty days after March 30, 2016, as HRAP Rule 40.1(a) required for a timely application. Nevertheless, the Appellants later filed a May 23, 2016 application to the Supreme Court of Hawai'i for a writ of certiorari in the instant appeal, and "jurisdiction divests to the supreme court upon an application for writ of certiorari[.]" Christiansen v. First Insurance Company of Hawaii, Ltd., 88

---

[1] Appellants' November 19, 2017 motion incorrectly refers to our previous dismissal order as having been filed on March 3, 2016, rather than the actual date of March 30, 2016.

2

Hawaiʻi 136, 140, 963 P.2d 345, 349 (1998). On July 7, 2016, the Supreme Court of Hawaiʻi entered an order dismissing the Appellants' application for a writ of certiorari in appellate court case number SCWC-13-0004290. More than one year passed before the Appellants filed their November 19, 2017 motion to vacate the March 30, 2016 dismissal order in the instant appeal. Consequently, we no longer have appellate jurisdiction over the instant appeal, and we cannot rule on the merits of the Appellants' November 19, 2017 motion to vacate the March 30, 2016 dismissal order.

Therefore, IT IS HEREBY ORDERED that the Appellants' November 19, 2017 motion to vacate the March 30, 2016 dismissal order in appellate court case number CAAP-13-0004290 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, December 12, 2017.

Presiding Judge

Associate Judge

Associate Judge